UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILLIP M. ADAMS, an individual, and
PHILLIP M. ADAMS & ASSOCIATES, L.L.C.,
a Utah Limited Liability Company,

    Plaintiffs,

  v.

GATEWAY, INC., a Delaware corporation,

    Defendant.

CASE NO. C05-717C

ORDER

    This matter comes before the Court on Interested Party Intel Corporation's Motion to Quash (Dkt. No. 1). The Court has considered the papers submitted by the parties and hereby finds and rules as follows.

    The underlying case for which Plaintiffs seek to depose Intel employee Debkumar De is a patent infringement and trade secret action pending in the United States District Court for the District of Utah (No.2:02CV-0106ST). Plaintiffs seek discovery from "Intel's employees (1) who participated in the modification of defective chips and motherboards supplied by Intel to Gateway to resolve the data corruption defects, (2) who participated in the creation of a 'test utility program' based on Dr. Adams' patents and participated in the testing of Gateway products on behalf of Gateway, and (3) who

ORDER – 1

participated in and attended the February 26, 2001 Gateway meeting with Dr. Adams in San Diego." (Dkt. No. 16, Pls.' Opp'n to Mot. to Quash, at 4.)  Non-party Intel asserts that this information is being sought as part of a "fishing expedition" related to future threatened litigation against Intel, and that the deposition of employee Debkumar De would subject Intel to an undue burden.

Generally, courts approach the scope of discovery liberally, such that litigation may proceed with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  Accordingly, parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  However, a court may quash a notice of deposition if it finds that the discovery sought is unreasonably cumulative or duplicative; is obtainable from some other source that is more convenient, less burdensome, or less expensive; or if the party seeking discovery has had ample opportunity by other discovery methods to obtain the information sought.  *See* Fed. R. Civ. P. 26(b)(2).

The information Plaintiffs seek, to the extent such information pertains to Intel's work for Gateway, is undoubtedly relevant to Plaintiffs' case against Gateway.  Any concern that Intel has that this information will be used in a future suit against the company is simply not supported by any authority. *See*, *e.g.*, *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695-96 (9th Cir. 1993) (finding that privacy of proprietary information, not immunity from suit, is the legitimate purpose of a protective order); *Nestle Foods Corp. v. Aetna Cas. and Sur.*, 129 F.R.D. 483, 486 (D.N.J. 1990) (observing that "if the basis for [a party's motion for a protective order] is to prevent information from being disseminated to other potential litigants, then the application must fail.").  Finally, the fact that Intel originally cooperated in the deposition of its employees, prior to discovering that Plaintiffs also sought modification of the protective order operating in the underlying litigation, undercuts any argument of undue burden.

Accordingly, it is hereby ORDERED that Non-party Intel Corporation's Motion to Quash is GRANTED in part and DENIED in part.  The deposition of Intel Employee Debkumar De shall be

ORDER – 2

1  allowed to proceed at a time and location mutually agreed upon by the parties.  However, the deposition
2  shall be limited to questions and documents that pertain to work Intel performed for Gateway only, and
3  shall exclude questions and documents that pertain to work performed by Intel for persons or entities
4  other than Gateway.

5       SO ORDERED this __11th__ day of July, 2005.

                                      /s/ John C. Coughenour
                                      UNITED STATES DISTRICT JUDGE

26 ORDER – 3